## Commonwealth ex rel. *v.* Francies, Warden of Western Penitentiary.

*Criminal law—Conspiracy to cheat—Improper sentence.*

Where a person is convicted of conspiracy to cheat and defraud without the record showing that he had actually defrauded any one, or stolen any property, it is error for the court to incorporate in the sentence a direction that the defendant shall "restore the

property stolen, if not already restored, or pay the owner the value thereof."

In such a case a sentence for a period of "not less than one year" in the penitentiary is not in conformity with the law. Under the Act of March 31, 1860, Sec. 128, P. L. 413, punishment for the offense is a fine of not more than $500, and either simple imprisonment, or imprisonment by separate or solitary confinement at labor not exceeding two years. Section 6 of the Act of June 19, 1911, P. L. 1055, provides that a maximum, not exceeding that fixed by the act under which the conviction is had, as well as a minimum shall be fixed by the sentence of the court.

It is mere surplusage to incorporate in a sentence of imprisonment in the penitentiary the words "there to be kept, fed, clothed and treated as the law directs."

Where a prisoner has been convicted of conspiracy to cheat and defraud without the record showing that he had defrauded any one or stolen any property, and he is sentenced to confinement in prison for a period of "not less than one year," "there to be kept, fed, clothed and treated as the law directs," and is directed to "restore the property stolen" the Superior Court on original habeas corpus proceedings will direct that the record be remitted, and that the defendant be resentenced according to law, and that in such sentence due allowance shall be made by the court for the punishment already suffered.

Petition for writ of habeas corpus in the Superior Court.  October Term, 1917, No. 218.  See Commonwealth v. Hubbard, 65 Pa. Superior Ct. 213.

Submitted July 10, 1917.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.

*C. H. Ashton* and *Young & Crichton,* for relator.— Unless some action for his relief is taken by a court of competent jurisdiction, this prisoner can never be released from the penitentiary.

The sentence is for "not less than one year." No maximum is fixed.

This sentence is a sentence of simple imprisonment, and the confinement should therefore have been in the county jail: Commonwealth v. Fetterman, 26 Pa. Su-

perior Ct. 569; Commonwealth ex rel. Stanton v. Francies, 250 Pa. 350.

The sentence having been to simple imprisonment for the term of one year (as nearly as can be determined from the peculiar wording thereof), and the prisoner having served six months (from January 9, 1917), in the penitentiary, under the practice of the appellate courts, he should now be discharged: Commonwealth ex rel. Stanton v. Francies, 250 Pa. 350; Commonwealth v. Fetterman, 26 Pa. Superior Ct. 569; Commonwealth ex rel. v. Francies, 58 Pa. Superior Ct. 270; Clellans et al. v. Com., 8 Pa. 223.

Neither the sentence nor the commitment directs that the imprisonment shall be by separate or solitary confinement at labor. If this man is properly confined in the penitentiary then he has the right to demand that the sentence which places him there be such as the law prescribed: Daniels v. Commonwealth, 7 Pa. 371; Clellans et al. v. Commonwealth, 8 Pa. 223; Commonwealth v. Barge, 11 Pa. Superior Ct. 164.

The commitment directs that the defendant "restore the property stolen if not already restored, or pay the owner the full value thereof," which is a condition of discharge not contained in the sentence, and whether in the sentence or the commitment is an illegal condition in connection with this offense.

The court had no power to impose on the defendant the treatment involved in the phrase of the commitment "there to be kept, fed, clothed and treated as the law directs": Commonwealth v. Barge, 11 Pa. Superior Ct. 164.

OPINION BY WILLIAMS, J.,*July 13, 1917:

W. H. Hubbard was convicted March 13, 1915, in the Court of Quarter Sessions of Potter County, of conspiracy to cheat and defraud, and on June 13, 1916, sentenced to pay the costs of prosecution or give bail for the payment of the same within ten days, a fine of $100, and

to undergo imprisonment in the Western Penitentiary at Allegheny, Pennsylvania, for a period of not less than one year and stand committed until the sentence was complied with. From this judgment an appeal was taken to this court. No complaint was made as to the sentence nor was it assigned as error. We sustained the conviction and remitted the record for execution: Com. v. Hubbard, 65 Pa. Superior Ct. 213. The court below, on January 6, 1917, made the following order of commitment: "And now, June 13, 1916, the court sentenced the defendant, W. H. Hubbard, to pay a fine of one hundred dollars to the Commonwealth, pay the costs of prosecution, restore the property stolen, if not already restored, or pay the owner the full value thereof and undergo an imprisonment in the Western Penitentiary of Pennsylvania (situated in the City and County of Allegheny), for and during the period of not less than one year. Sentence to be computed from January 9, 1917, there to be kept, fed, clothed, and treated as the law directs, and stand committed until the sentence be complied with. ......"

Relator, complaining that he was unlawfully sentenced, and unlawfully committed, now asks for the corrective influence of an original writ of habeas corpus.

The sentence for a period of "not less than one year" is not in conformity with the law. Under the Act of March 31, 1860, Section 128, P. L. 413, the punishment for conspiracy to cheat and defraud is a fine of not more than $500, and either simple imprisonment or imprisonment by separate or solitary confinement at labor not exceeding two years. Section 6 of the Act of June 19, 1911, P. L. 1055, provides that a maximum not exceeding that fixed by the act under which the conviction is had, as well as a minimum shall be fixed by the sentence of the court.

The conviction was for conspiracy to cheat and defraud, but it does not appear in the record that the relator succeeded in cheating or defrauding anyone of any-

thing, or that he had stolen any property. That part of the commitment which says he shall "restore the property stolen, if not already restored, or pay the owner the full value thereof" is not a part of the sentence and is a nullity, and must have resulted from an inadvertence on the part of the clerk of the court below in using a blank form not applicable to the case in hand. The direction that the relator is "there to be kept, fed, clothed, and treated as the law directs," is surplusage, as he would be so treated under Section 3 of the Act of April 23, 1829, 10 Smith's Laws 431.

In committing a prisoner, it is a safe rule to follow the language of the statute. The failure to do so in this case has resulted in the defects complained of. These defects, however, do not affect the liability of the relator to punishment for the offense of which he has been adjudged guilty. He has not been compelled to undergo an imprisonment not authorized by the Act of 1860.

The record is remitted to the court below to the end that the relator may be brought before it and be resentenced according to law, and in such sentence due allowance shall be made by the court for the punishment already suffered.