Commonwealth *v*. Tanser et al., Appellants.

Submitted June 13, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Louis C. Glasso,* for appellants.

*William Claney Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY WRIGHT, J., September 11, 1958:

Alan Tanser was convicted and sentenced in the Court of Quarter Sessions of Allegheny County, inter alia, on three charges of obstructing justice. Martin Scanlon was convicted and sentenced on two charges of obstructing justice. Upon appeal to this court these five judgments of sentence were affirmed. See *Commonwealth v. Russo,* 177 Pa. Superior Ct. 470, 111 A. 2d 359. Our decision in this regard was subsequently affirmed by the Supreme Court. See *Commonwealth v. Russo,* 388 Pa. 462, 131 A. 2d 83. Present counsel for Tanser and Scanlon thereafter presented in the court below motions for new trials nunc pro tunc, upon which rules were granted. Following argument before the court en banc, the rules were discharged and the motions for new trial were dismissed. Tanser and Scanlon have appealed.

Appellants' counsel states the question involved on this appeal to be as follows: "Where the Supreme Court of Pennsylvania, ruling that the admission of hearsay evidence, to wit: the statement of a morals offender

at a magistrate's hearing, was error because it violated the constitutional right of confrontation, has set aside convictions for perjury, should not convictions for the misdemeanors of obstructing justice be also set aside by proceedings nunc pro tunc where it appears that the same hearsay evidence was admitted for the purpose of establishing the commission of the misdemeanor and where the alleged misdemeanor arose out of the same facts and circumstances as the alleged perjury?"

In the absence of an allegation of fraud or its equivalent, the common law power of the lower court to set aside a judgment and sentence and grant a new trial expires with the end of the term in which the judgment was entered: *Commonwealth v. Carpenter*, 163 Pa. Superior Ct. 30, 60 A. 2d 407. See also *Commonwealth v. Monaghan*, 162 Pa. Superior Ct. 530, 58 A. 2d 486. As stated by the late Justice CHIDSEY in *Commonwealth v. Mackley*, 380 Pa. 70, 110 A. 2d 172: "There must be a time when a conviction of crime becomes no longer open to question".

We are in entire accord with the disposition of the instant proceeding by the court below. As previously indicated, the convictions now sought to be set aside were sustained both by this court and the Supreme Court. In the words of Judge MONTGOMERY: "Regardless of the merit of any reasons for these motions, the period within which this court is authorized to act in the matter is long past".

The orders of the court below are affirmed.

WOODSIDE, J., did not participate in the consideration or decision of this case.