Commonwealth, Appellant, *v.* Testa.

Submitted March 20, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Burton Satzberg* and *Thomas M. Reed,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellant.

*Sidney Ginsberg,* and *Mangel and Ginsberg,* for appellee.

OPINION BY WRIGHT, J., April 14, 1964:

The Commonwealth has appealed from an order of the Court of Quarter Sessions of Philadelphia County

granting a new trial to John Testa some four months after his conviction and sentence. The order must be reversed.

The record discloses that true bills were returned by the Grand Jury of Philadelphia County at February Sessions 1963, on two bills of indictment against John Testa and Emil Makowski. Bill No. 685 charged burglary, larceny, and receiving stolen goods. Bill No. 686 charged conspiracy. On September 18, 1963, following arraignment, the defendants entered pleas of not guilty and waived jury trial. They were each represented by counsel. After hearing testimony, the trial judge found both defendants guilty of burglary and conspiracy. On September 23, 1963, Testa was sentenced on Bill No. 685 to undergo imprisonment in the State Correctional Institution at Philadelphia for a term of not less than one nor more than twenty years to be computed from September 18, 1963. Sentence was suspended as to Makowski on Bill No. 685, and as to both defendants on Bill No. 686. On September 27, 1963, the maximum term of Testa's sentence on Bill No. 685 was amended to read five instead of twenty years.

The proceeding which gives rise to the instant appeal commenced with a petition by Testa "for reconsideration of sentence nunc pro tunc". The date on which this petition was filed does not appear in the record. It was sworn to on December 31, 1963. Following a hearing on January 20, 1964, the court below granted a new trial as to Testa on Bill No. 685. "We believe that we were unduly influenced by Testa's prior criminal record. In the interest of justice we granted a new trial on our own motion". Testa immediately entered a plea of guilty, sentence was suspended, and he was placed on probation for a period of five years.

In the absence of an allegation of fraud or its equivalent, the common law power of the lower court to set aside a judgment and sentence and grant a new trial

expires with the end of the term in which the judgment was entered: *Commonwealth v. Tanser,* 187 Pa. Superior Ct. 384, 144 A. 2d 510. The general rule is that a court has no authority to alter a sentence either by increasing or reducing the punishment imposed after the expiration of the term at which the defendant was convicted: *Commonwealth v. Downer,* 161 Pa. Superior Ct. 399, 53 A. 2d 897. And see *Commonwealth ex rel. Nagle v. Myers,* 191 Pa. Superior Ct. 495, 159 A. 2d 261. This rule has been modified by the Act of June 1, 1959, P. L. 342, 12 P.S. 1032, to permit alteration of a sentence within thirty days of the date of its imposition if the term of court should end prior to the expiration of such period. However, this statute has no application in the instant situation. It should perhaps be also noted that this appeal does not involve a deferment of sentence. See *Commonwealth ex rel. Konchick v. Ceraul,* 197 Pa. Superior Ct. 171, 177 A. 2d 125.

We are all of the opinion that the granting of a new trial, followed by an immediate plea of guilty and a new sentence, constituted a devious method of accomplishing that which the trial judge lacked authority to do, namely, to belatedly change the original sentence.

Before concluding, we will briefly refer to the contentions advanced by Testa's present counsel. It is first asserted that, at the preliminary hearing before the magistrate, Testa was discharged as to the offenses of larceny and receiving stolen goods, and that it was improper to thereafter indict him on these charges. No motion was made to quash the indictment. Any defect in the proceeding preliminary to the indictment was waived by Testa's plea at the time of trial. Cf. *Commonwealth v. Banks,* 203 Pa. Superior Ct. 198, 199 A. 2d 473. It is also asserted that, at the conclusion of the Commonwealth's evidence, the trial judge sustained a demurrer with regard to the charges of bur-

glary and larceny. However, the docket entries disclose that a demurrer was sustained as to the second and third counts, and that Testa was adjudged guilty as to the first count. It is asserted finally that, on September 20, 1963, trial counsel filed a written motion for a new trial, and that the court's action on January 20, 1964 was based on that motion. The docket entries do not contain any reference to a motion for a new trial. If one had actually been filed, we must assume that it was overruled on September 23, 1963, when sentence was imposed. As previously indicated, the new trial resulted from a petition for reconsideration of sentence, and was granted on the court's own motion.

The order granting a new trial is reversed, the suspension of sentence is vacated, and the appellee is directed to appear in the court below, at such time as he may be there called, to be by said court committed until he has complied with the original sentence as amended, September 27, 1963.