## Commonwealth *v.* McKnight, Appellant.

Submitted September 16, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William F. McKnight, Jr.,* appellant, in propria persona.

*Richard A. Devlin,* Assistant District Attorney, and *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., November 12, 1964:

William F. McKnight has appealed from an order of the Court of Oyer and Terminer of Montgomery County refusing his motion to grant a new trial nunc pro tunc. We will briefly summarize the factual and procedural situation revealed by our examination of the original record.

On June 4, 1963, the grand jury in Montgomery County returned two bills of indictment against William F. McKnight, each charging burglary, larceny and receiving stolen goods. Bill No. 162 was based upon the felonious entry, January 21, 1963, of the Acme Super Market. Bill No. 162-1 was based upon the felonious entry, March 5, 1960, of the Fosbenner Garage. On December 9, 1963, these two bills of indictment were called for trial before Honorable ROBERT W. HONEYMAN and a jury. McKnight appeared with counsel and entered pleas of not guilty. After a two-day trial the jury returned verdicts of guilty, and Mc-

Knight was sentenced, December 10, 1963, to serve concurrent terms of one to five years each. He is presently confined in the State Correctional Institution at Graterford. His motion for a new trial nunc pro tunc was not presented until July 6, 1964.

Appellant's six contentions, and the numerous cases he cited, all relate to purported trial errors. No post trial motions were filed, and no appeal was taken from the judgments of sentence. Appellant does not now allege fraud or after-discovered evidence. The rule is well settled that, in the absence of an allegation of fraud or its equivalent, the common law power of the lower court to set aside a judgment and sentence and grant a new trial expires with the end of the term in which the judgment was entered: *Commonwealth v. Tanser*, 187 Pa. Superior Ct. 384, 144 A. 2d 510; *Commonwealth v. Testa*, 203 Pa. Superior Ct. 201, 199 A. 2d 496. Section 4 of the Act of May 19, 1897, P. L. 67, as amended, 12 P.S. 1136, provides that appeals in criminal cases must be taken within forty-five days from the entry of sentence. This statutory provision is mandatory: *Commonwealth v. Peters*, 178 Pa. Superior Ct. 82, 113 A. 2d 327; *Commonwealth ex rel. Greene v. Banmiller*, 198 Pa. Superior Ct. 446, 181 A. 2d 853. The obvious purpose of appellant's petition for a new trial nunc pro tunc was to belatedly secure a review of the trial in which he had been convicted and sentenced. We find no error in the refusal of the court below to grant this motion. Cf. *Commonwealth v. Monaghan*, 162 Pa. Superior Ct. 530, 58 A. 2d 486; *Commonwealth ex rel. Perry v. Day*, 181 Pa. Superior Ct. 73, 121 A. 2d 904.

Order affirmed.