Commonwealth ex rel. Taylor, Appellant, *v.* Myers.

Submitted June 13, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Herbert Taylor,* appellant, in propria persona.

*Joseph M. Smith,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., September 15, 1966:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County dismissing appellant's petition for writ of habeas corpus.

Appellant was convicted in the Court of Quarter Sessions of Philadelphia County of burglary and assault and battery with intent to ravish. On December 28, 1964, he was sentenced to terms of 2½ to 5 years to run concurrently. On January 28, 1965, the trial judge entered an order purporting to vacate the sentence. On April 15, 1965, in a proceeding at which appellant was neither present nor represented by counsel, he was re-sentenced to 2½ to 5 year terms identical in every respect to those originally imposed. Appellant contends that he is illegally confined because he was denied counsel and otherwise improperly sentenced in the April 15 proceeding.

The general rule, applicable here, is that a sentence may be vacated or changed only during the term of court in which it was entered, or for a period of thirty days subsequent to the date of entry. *Commonwealth ex rel. Firmstone v. Myers,* 207 Pa. Superior Ct. 453, 217 A. 2d 851 (1966) ; *Commonwealth v. Testa,* 203 Pa. Superior Ct. 201, 199 A. 2d 496 (1964) ; Act of June 1, 1959, P. L. 342, No. 70, §1, 12 P.S. §1032. In the present case, sentence was entered on December 28, 1964. The December 1964 term of the Court of Quarter Sessions ended on the day before the first Monday in January, or January 3, 1965. Act of March 13, 1867, P. L. 420, §1, 17 P.S. §471. The statutory thirty-day period expired on January 27, 1965. Hence, the court had no power to proceed on either January 28, 1965, or April 15, 1965, and its purported actions at those times were of no effect whatever. Appellant remained lawfully confined under the valid sentence imposed on December 28, 1964.

Since the order vacating sentence, as well as the subsequent re-sentencing, were null and void, they could not have prejudiced or in any way affected appellant's rights. He was entitled to counsel at every critical stage in the proceedings against him where rights might be lost or preserved. His lack of counsel, however, in proceedings which had no adverse effect upon him whatever did not constitute a deprivation of due process. *Commonwealth ex rel. McCant v. Rundle,* 418 Pa. 394, 211 A. 2d 460 (1965); *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965).

Before this Court, appellant further asserts that he was sentenced in the December 28 proceeding on the basis of another person's criminal record. An examination of the record before us indicates that this contention is wholly without merit.

Order affirmed.