## Commonwealth v. Ware

*Arlen Specter,* District Attorney, for Commonwealth.
*Charles J. Short,* for defendant.

NIX, J., June 19, 1970.—The issue presented for decision is whether the court has the power to vacate its order of suppression entered May 23, 1968, and not appealed from, in order to permit the Commonwealth to present evidence and argument in opposition to the application for suppression.

## HISTORY

On October 3, 1963, defendant, during custodial interrogation, made statements implicating himself in four separate robbery-murders occurring August 8, 1962, November 29, 1962, April 22, 1963, and July 12, 1963. On December 12, 1963, after his indictment on the aforementioned and related charges, defendant was declared incompetent to stand trial and it was directed that he be committed to Fairview State Hospital. In October 1967, defense counsel filed applica-

tion for the suppression of all custodial statements both written and oral. On May 23, 1968, the matter came before this court for a hearing on the application to suppress. At a side bar conference, both counsel for the defense and the Commonwealth agreed that the application should be granted in that the statements were elicited in violation of the standards set forth in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602 (1966). With the agreement of counsel, this court entered the order of suppression without the benefit of testimony. This court was assured by counsel that in all probability, from the medical information available, defendant's condition would not improve to the extent that would justify his release from confinement under the Mental Health Act of 1966.

On December 12, 1968, upon request of the Commonwealth, the Hon. D. Donald Jamieson entered a nolle prosequi of the four murder bills in question. On February 21, 1969, Judge Jamieson ordered that the Commonwealth proceed to trial on the remaining burglary and robbery charges, after being advised by court psychiatrists that defendant was in partial remission and then competent to stand trial. On April 29, 1969, Judge Jamieson granted the Commonwealth's request to nolle prosequi the remaining bills and defendant was committed to Fairview State Hospital under a civil commitment.

It was not until August of 1969 that the Commonwealth first questioned the applicability of the Miranda rule to the instant case and moved for the removal of the nolle prosequi. On December 11, 1969, Judge Jamieson granted the request. This court is now being petitioned to vacate the order of suppression and to allow rehearing on the application to suppress.

## DISCUSSION

The crucial issue is whether the court has the power

to grant the request to vacate its order. In an effort to secure finality in legal proceedings the common law has long recognized the principle that the court's power to modify, amend, or vacate an order, decree, or judgment, ceases with the expiration of the term in which the order, decree or judgment was entered: Catlin v. Robinson, 2 Watts 373, 379-80; Stephens v. Cowan, 6 Watts 511, 513; Mathers v. Patterson, 33 Pa. 485; Crew, Levick & Co. v. McCafferty, 124 Pa. 200, 16 Atl. 743 (1889); Commonwealth v. Mackley, 380 Pa. 70, 110 A. 2d 172 (1955). By statute, Act of June 1, 1959, P. L. 342, sec. 1,[1] this rule was adopted and modified only slightly to extend the period for 30 days from the entry of the order, decree or judgment where the term would have expired before that period: Commonwealth v. Vivian, 426 Pa. 192, 231 A. 2d 301 (1967); Commonwealth ex rel. Taylor v. Myers, 208 Pa. Superior Ct. 417, 222 A. 2d 472 (1966); Commonwealth v. Testa, 203 Pa. Superior Ct. 201, 199 A. 2d 496 (1964); Commonwealth v. Zelnick, 202 Pa. Superior Ct. 129, 195 A. 2d 171, cert. denied 377 U. S. 1006 (1963). In addition to attempting to gain finality in legal proceedings, the rule is also directed against those who would attempt to nullify the limits for appeal fixed by statute by reviving the original action after the appeal period has expired: Philadelphia Suburban Transportation Company v. DiFrancesco, 362 Pa. 326, 66 A. 2d 254 (1949); Commonwealth v. Irwin, 345 Pa. 504, 29 A. 2d 68 (1942); Clarendon V. F. W. Home Association Liquor License Case, 167 Pa. Superior Ct. 44, 75 A. 2d 171 (1950). However, a pertinent exception to this rule is that it *does not apply to interlocutory orders:* Markofski v. Yanks, 297 Pa. 74, 146 Atl. 569 (1929); M'Coy v. Porter, 17 S. & R. 59; 34 C. J. 216.

---

[1] 12 PS §1032.

We therefore must determine whether an order of suppression is for *this purpose* a final or interlocutory order. While it is true that this order was an appealable one (Gaskins Case, 430 Pa. 298, 244 A. 2d 662 (1968); Commonwealth v. Fisher, 422 Pa. 134, 221 A. 2d 115 (1966); Commonwealth v. Bosurgi, 411 Pa. 56, 190 A. 2d 304, cert. denied 375 U. S. 910 (1963)), in our judgment it is not final within the contemplation of the rule restricting the amendment of orders and decrees after the term. The Act of June 1, 1959, supra, clearly did not change the prior law as to the orders, decrees and judgments to be covered by the section: "In any civil, criminal or equitable proceeding in which the court *has heretofore been vested with the power* . . . to alter, . . . only during the term . . ."

Although the appealability of an order, without specific statutory authority, is usually indicative of the fact that it is final, there are instances in our law where interlocutory orders are appealable where for all practical purposes, they present a somewhat final aspect: Commonwealth v. Novak, 384 Pa. 237, 120 A. 2d 543 (1956), cert. denied, 352 U. S. 825, 77 S. Ct. 35; Commonwealth v. Kilgallen, 379 Pa. 315, 108 A. 2d 780 (1954); Commonwealth ex rel. Paige v. Smith, 130 Pa. Superior Ct. 536, 198 Atl. 812 (1938). In the Bosurgi decision, supra, the Supreme Court recognized that the order of suppression was, in fact, not final in the traditional sense, but permitted the Commonwealth the right of appeal because of their limited right of review after verdict. To deprive the Commonwealth of immediate review of the order of suppression would, in fact, deny appellate review of the suppression order in the event of an adverse verdict.

An order is final when it terminates the litigation between the parties to the suit: Sinking Spring

Water Co. v. Gring, 257 Pa. 340, 101 Atl. 732 (1917); Pennsylvania Steel Co.'s Appeal, 161 Pa. 571, 29 Atl. 294 (1894). Further, in each instance where the rule was applied in criminal cases limiting the power of the court beyond the expiration of the term, it concerned a judgment of sentence. See e.g., Commonwealth v. Vivian, 426 Pa. 192, 231 A. 2d 301 (1967).[2] It is therefore the opinion of this court that the rule is inapplicable in the instant case, since the order in question was interlocutory.

Having determined the court has the power to modify or vacate its original order, the question now arises as to whether or not the court should exercise its discretion in favor of the Commonwealth's request. One basis suggested by the Commonwealth for their belated attempt to question the propriety of the initial order is that in their view the Miranda decision, supra, has been significantly modified by the Omnibus Crime Control and Safe Streets Act, June 19, 1968, Pub. L. 90-351, Title II, §701(a), 82 Stat. 210, 18 U.S.C.A. §3501, as amended. This contention has been rejected by our Supreme Court in Commonwealth v. Bennett, 439 Pa. 34, 264 A. 2d 706 (1970). Justice Eagan, speaking for the majority, suggests that the Omnibus Act applies only to criminal prosecution in Federal Courts by the United States Government or District of Columbia, and, therefore, is not applicable to State prosecution.[3] The second ground suggested by the Commonwealth we feel has more merit. They

---

[2] Commonwealth v. Testa, 203 Pa. Superior Ct. 201, 199 A. 2d 496 (1964); Commonwealth v. Zelnick, 202 Pa. Superior Ct. 129, 195 A. 2d 171, cert. denied 377 U. S. 1006 (1963); Commonwealth ex rel. Taylor v. Myers, 208 Pa. Superior Ct. 417, 222 A. 2d 472 (1966).

[3] If, in fact, the Omnibus Crime Control and Safe Streets Act, supra, relaxes the standards for custodial interrogation announced in Miranda, supra, it has yet to be determined whether such relaxation is in violation of the United States Constitution.

argue that the rule laid down in Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772 (1966), has been demonstrated to be subject to exception. See Jenkins v. Delaware, 395 U. S. 213, 87 S. Ct. 1677 (1969).[4] It is the Commonwealth's contention that where the statements were elicited prior to the Miranda decision, supra, and trial was delayed by virtue of the incapacity of defendant until after June 13, 1966, defendant should not derive the benefit from this delay. We, at this point, are not called upon to pass on this theory, we merely recognize that it is a contention with substance justifying the exercise of discretion to permit the Commonwealth to elicit additional testimony to establish for the record the reason for the delay of the trial.

We are further persuaded to grant the Commonwealth's request because we find no prejudice to defendant. Since the original order was entered by agreement without testimony, this court will permit a full suppression hearing. The defense will be permitted to introduce testimony questioning the voluntariness of the statements as well as the denial of the assistance of counsel. Defendant still has available to him the allegation of the denial of a speedy trial if the facts support such a contention. Were we to rule otherwise, the Commonwealth would be foreclosed from further prosecution of those most serious charges without the benefit of having the issues fully litigated.

We are not unmindful of the Commonwealth's original agreement to the entry of the order and their tardy request that it be vacated.[5] In an action between private individuals, such a record would justify

---

[4] While the majority in Jenkins, supra, attempted to distinguish between "trial" and "re-trials," we are inclined to accept Justice Harlan's view that such a distinction is specious.

[5] The district attorney at the time of the original application had the opportunity to raise the present objection.

precluding a party from further litigation of the cause. Here, however, we cannot, and will not, penalize the citizens of this community because of the dereliction of their district attorney. The seriousness of those charges demands that the issues in this litigation be fully aired and that both sides be given a full opportunity to exhaust all of their remedies.

## ORDER

And now, June 19, 1970, the order of this court entered May 23, 1968, is hereby vacated.

Further, it is ordered that a suppression hearing be held on defendant's application to suppress on June 25, 1970, at 10 a. m., in Room 243 City Hall. Leave is granted to defendant to amend his petition to add any additional grounds for suppression that he wishes the court to rule upon.