378 A.2d 350

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Keith Lamar YODER.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Oct. 6, 1977.

James J. Rosini, District Attorney, Shamokin, for Commonwealth, appellant.

Stephen Cohen, Sunbury, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal by the Commonwealth seeking to vacate an order by the Court of Common Pleas of Northumberland County amending the sentence imposed on Keith Lamar

Yoder, appellee herein. We hold that the lower court erred and, accordingly, vacate the order of the lower court.

■ On September 17, 1975, appellee Yoder entered a plea of guilty to the charge of burglary. He was sentenced to undergo imprisonment in the Northumberland County Prison for a period not less than two (2) months and not more than twenty-four (24) months, said sentence to run consecutive to the term then being served by Yoder in Schuylkill County. The appellee was released from Schuylkill County prison on April 8, 1976, and was immediately transferred to Northumberland County. However, on the same day the lower court, upon its own initiative, and without the Commonwealth or appellee present, and without notice, hearing or argument, entered an order reducing the sentence of the appellee to a term of one (1) to twenty-three (23) months. It is from that order that the Commonwealth has appealed.[1]

■ Pursuant to 12 P.S. § 1032[2] the lower court, after imposing a legal sentence, is empowered to alter such sentence only during the term of court in which the sentence was imposed, or within thirty (30) days if the term of court expires prior to the running of the thirty day period. *Commonwealth v. Horsman*, 239 Pa.Super. 534, 361 A.2d 433

1. The appellee argues that, assuming the illegality of the lower court's amended order, the proper party to pursue this appeal should be the Parole Board. He thus contends that the district attorney is without standing since the original sentence had a maximum of two years. This contention is patently without merit. The legislature has vested in the Board of Parole exclusive power to parole and reparole, commit and recommit for violations of parole, and discharge from parole all persons sentenced to a maximum term of two years or more. *Commonwealth ex rel. Johnson v. Bookbinder*, 213 Pa.Super. 335, 247 A.2d 644 (1968); *see* Act of August 6, 1941, P.L. 861, § 17, *as amended* December 27, 1965, P.L. 1230, § 8, 61 P.S. § 331.17 (Supp.1977–78). Clearly, the issue we are confronted with in this case does not fall within the ambit of this legislation. This appeal concerns the legality of the amended sentence imposed upon the appellee not parole. The issue thus presented, the district attorney is the proper party to appeal the action by the lower court in this matter.

2. Act of June 1, 1959, P.L. 342, No. 70, § 1, 12 P.S. § 1032 (Supp. 1977–78).

(1976); *Commonwealth v. Bigley*, 231 Pa.Super. 492, 331 A.2d 802 (1974); *Commonwealth v. Scheetz*, 217 Pa.Super. 76, 268 A.2d 193 (1970). In the case at bar, not only had the prescribed period expired, but the amendment was made without advance notice to all the parties in interest. Such notice is expressly required by Section 1032. The April 8, 1976, order of the lower court is, therefore, void.

The order of the lower court amending the appellee's sentence is vacated and the judgment of sentence imposed on September 17, 1975, is reinstated.