## Commonwealth v. Kelly

*Dana C. Jones, District Attorney*, for Commonwealth.
*Richard S. Wasserbly*, for defendant.

LUDWIG, *J.*, March 8, 1979—On December 4, 1974, pursuant to a plea agreement, defendant Richard Kelly pleaded guilty to burglary, theft, and related offenses and was sentenced to not less than three months nor more than twelve months imprisonment in the Bucks County Prison. This sentence was to run consecutively to a Florida sentence and concurrently with previously imposed sentences in this county. Specifically it should be noted that at the time of this sentencing, defendant had served nine months of a six month to seven year Florida sentence and three and a half months of five Pennsylvania sentences, all of which were to run concurrently with each other and with the Florida sentence.* Four of the Pennsylvania sentences were to run two months to three years and one was to run one month to two years.

On November 3, 1977, defendant was released from the Florida sentence and was brought to Bucks County Prison for the purpose of completing his sentence in the present case. Defendant petitioned us to reconsider this sentence contending that, since all of the previously imposed Pennsylvania sentences had expired, and since defendant's

---

*The propriety of a Pennsylvania sentence running concurrently with a foreign sentence was not before us and does not affect the instant sentence, which was consecutive.

sentence in the instant case was to run concurrently with these other Pennsylvania sentences, though consecutively to the Florida sentence, defendant's sentence in the instant case was inconsistent and should have expired when defendant had finished his last prior Pennsylvania sentence. We denied the petition.

The general rule is that imposition of sentence is within the sound discretion of the sentencing court, and absent excessiveness or other illegality, it will not be disturbed: Com. v. Piper, 458 Pa. 307, 328 A. 2d 845 (1974); Com. v. Hill, 453 Pa. 349, 310 A. 2d 88 (1973); Com. v. Straw, 238 Pa. Superior Ct. 535, 361 A. 2d 427 (1976). Furthermore, this court is without power to modify a sentence more than 30 days after the date of imposition: Com. v. Yoder, 249 Pa. Superior Ct. 389, 378 A. 2d 350 (1977); Com. v. Bigley, 231 Pa. Superior Ct. 492, 497, n.4, 331 A. 2d 802, 804, n.4 (1974); Act of June 1, 1959, P.L. 342, 12 P.S. §1032 [see now Judicial Code of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §5505]; unless the initial sentence was unlawful. See Com. v. Cole, 437 Pa. 288, 263 A. 2d 339 (1970); Com. v. Horsman, 239 Pa. Superior Ct. 534, 361 A. 2d 433 (1976).

We found no illegality or other defect in the sentence as imposed and, therefore, no basis for disturbing it. At the time he was sentenced by us, defendant was subject to a wide range of possible periods of incarceration on his existing sentences. Imprisonment in Florida could have been terminated immediately, in which case defendant would have been brought back to Pennsylvania for the purpose of completing his jail time in this State. If that had occurred, the sentence in the present case

would have run concurrently with what was left on his other Pennsylvania sentences. This was the intent of the sentence. That the Florida sentence lasted longer than the Pennsylvania sentences did not affect the legality of our disposition. Clearly, the instant sentence did not begin until the Florida sentence was completed.