## Commonwealth v. Fish

*Gailey C. Keller, District Attorney*, for Commonwealth.

*Thomas Arthur James, Jr.*, for defendant.

MYERS, *P.J.*, August 24, 1979—On August 10, 1976, petitioner was sentenced by this court on 16 separate criminal charges, including 14 counts of theft, one count of burglary, and one count of receiving stolen property. On two of the theft charges, petitioner was sentenced to serve a term of not less than one nor more than five years, and to pay a fine of $5,000. These two sentences were consecutive, and the fines totaled $10,000. On each of the other 14 charges, petitioner received sentences requiring him to pay a nominal fine of one dollar, plus costs and restitution.

Petitioner completed his sentence and was released from jail on November 17, 1977. He is now on parole, has been gainfully employed since his release, and has apparently been making a genuine attempt to become a more productive member of the community. For this effort toward rehabilitation, petitioner should be commended.

In the present petition, petitioner avers that he is continuing to make regular payments on the fines and costs, but that he has so far been unable even to complete payment on all of the costs. Petitioner further avers that the substantial fines are causing him an undue hardship, and he requests the court to order a reduction.

Fines, however, are a part of the sentence. Accordingly, this court is without jurisdiction to modify the sentences which it imposed three years ago. A lawful sentence may be modified only within 30 days of sentence: Com. v. Yoder, 249 Pa. Superior Ct. 389, 378 A. 2d 350 (1977); Com. v. Shollenberger, Pa.C.C.P., 26th Dist., Col. Cty., No. 95-1975, Crim. (1979); see also 42 Pa.C.S.A. §5505. That 30 day time period has long since passed.

We note, however, that Pa.R.Crim.P. 1407 permits us, at any time, to alter petitioner's installment payment schedule relating to the fines and costs heretofore imposed. If petitioner can prove to our satisfaction that he lacks sufficient financial ability to meet the present payment schedule, we may alter the schedule in a manner which is just and practicable.

## ORDER

And now, August 24, 1979, the petition for reduction of fines is hereby dismissed.