567 A.2d 1089

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Frank PASTORKOVIC, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1989.

Filed Dec. 21, 1989.

Jon S. Pushinsky, Pittsburgh, for appellant.

Matthew Witherel, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

· Before McEWEN, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This case involves an appeal from the January 11, 1989, order of the Court of Common Pleas of Allegheny County denying the Motion For a Writ of Habeas Corpus/Reconsideration of Commitment Order filed by the appellant, Frank Pastorkovic. We affirm.

The facts, which appear of record, indicate that on July 8, 1986, the then seventy-seven-year-old appellant pleaded guilty to two counts of driving while under the influence of alcohol (75 Pa.C.S. § 3731(a)(1) & (4)) and driving while his operating privilege was suspended or revoked. Id. at § 1543(a) & (b).

On August 15, 1986, the court directed that the appellant "undergo imprisonment of one year in the Allegheny County Jail ... [and, a]t the conclusion of that one year, [he] w[as to] be placed on one year's probation...." On the summary offense, a determination of guilty without further penalty was entered. The court also informed the appellant that the warden of the Allegheny County Jail was being instructed to transport him to a Pittsburgh area hospital for medical evaluation to enable the court "to be able to have a better understanding as to the possibility for undergoing incarceration at the [Allegheny] County Jail."

A motion for reconsideration of sentence was filed and denied. An appeal to this Court (at No. 01192 Pittsburgh 1986) resulted in the appeal being quashed.[1] Petition for allowance of appeal (at No. 88 W.D.Alloc.Dkt.1988) to the

1. The appeal to this Court did result in a review of the merits of the appellant's complaints that: (1) the one year mandatory minimum sentence was unconstitutional as it applied to a person of his age and health, and (2) the court below abused its discretion by sentencing him to incarceration in the Allegheny County Jail, as opposed to some form of supervised house arrest.

This Court concluded that the issues challenged the discretionary aspect of the sentence, and the appellant's failure to comply with Pa.R.App.P. 2119(f) resulted in the appeal being quashed.

However, the legality of the sentence as to it conforming with the maximum and minimum requirements of the Sentencing Code was not addressed, and, thus, it was not finally litigated. See *Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981).

Pennsylvania Supreme Court was denied by order dated October 20, 1988. 520 Pa. 587, 551 A.2d 214.

On June 3, 1989, counsel for the appellant filed the motion in question, wherein it was alleged in pertinent part that:

5. The written judgment of sentence entered by the court confirms that the sentence imposed was a one year term of incarceration (A copy of the August 15, 1988 [sic] judgment of sentence is attached to this Motion as Exhibit B).

6. Mr. Pastorkovic was directed to report to the Allegheny County Jail for imposition of sentence on December 27, 1988. As the result of a medical report stating that the County Jail cannot provide Mr. Pastorkovic with an adequate level of medical care, the Warden refused to accept Mr. Pastorkovic into custody.

7. Without notice to counsel or an opportunity to be heard, the court then modified Mr. Pastorkovic's sentence so as to require his incarceration in the diagnostic and classification unit of the State Correctional Institute of Pittsburgh for a period of 1 to 2 years. (A copy of the December 27 commitment Order is attached to this Motion as Exhibit C).

8. At the time the Court entered its December 27 Order, it had no jurisdiction to alter the length of the term of Mr. Pastorkovic's sentence.

9. The legality of the original sentence had previously been upheld by virtue of the Superior Court's January 13, 1988 Order denying Mr. Pastorkovic's appeal from the sentence and the Supreme Court's denial of allocatur on October 17, 1988.

10. The effect of the Court's December 27, 1988 order is to illegally double the period of time within which Mr. Pastorkovic may be incarcerated.

11. Mr. Pastorkovic, who has reported to the Allegheny County Jail for transportation to the State Correctional Institution at Pittsburgh, is prejudiced by the court order doubling his sentence. [But see footnote 6, infra]

WHEREFORE, Mr. Pastorkovic requests the court to release him from the illegal sentence imposed on December 17, 1988 or, in the alternative, reconsider and rescind that illegal order.

On January 11, 1989, a hearing to rule on the appellant's Motion For A Writ Of Habeas Corpus/Reconsideration Of Commitment Order was conducted. At that time, counsel for the appellant reiterated what appeared in his motion, *e.g.*, that the lower court's December 27, 1988, modification of the sentence (from a one year term of imprisonment and equal term of consecutive probation to a one to two-year period of incarceration and one year consecutive probation) was "illegal" because it increased the maximum sentence to a three-year sentence (one to two years imprisonment followed by one year probation).

It was the court's position that the "reason for the modification of sentence" was to determine by "verification through a doctor" whether Allegheny County Jail was the appropriate facility, and, if not, to consider if the State Correctional Institute of Pittsburgh, through the Bureau of Corrections, would be better suited "to facilitate the needs of" the appellant, who had suffered a heart attack and was in need of treatment for his alcoholism. "[A]nd that [was] the reason for modification of the sentence", so stated the court. More specifically, the court stated.

There is no prejudice to the defendant. He still has the mandatory minimum sentence, and he will be eligible for parole at the expiration of the minimum term. . . .

Now, the function of one to two is ... the way or mechanism to have him sentenced to the institution in which he could get the maximum medical care that he could not get in the Allegheny County Jail. As a practical matter he still has the minimum of one year, as a reasonable modification.

On the completion of the hearing, the appellant's motion was denied and a timely appeal to this Court was perfected.

Before addressing the merits of the appellant's appeal, we would observe at the outset that the assault on

the lower court's order denying the appellant's motion is, in essence, a request to review the imposition of an "illegal" sentence. Such being the case, in this Commonwealth the "illegality" of a sentence is a non-waivable issue, and, in fact, it may be the subject of inquiry by an appellate court *sua sponte*. See *Commonwealth v. Ford*, 315 Pa.Super. 281, 297, 461 A.2d 1281, 1289 (1983); *Commonwealth v. Aeschbacher*, 276 Pa.Super. 554, 555, 419 A.2d 596, 597 (1980). Accordingly, the judgment of sentence, which was the subject of the court's modification order of December 27, 1988, was sought to be altered by the appellant via the Habeas Corpus hearing on January 11, 1989. We find that both order and hearing are intertwined in that each touched upon the sentence found by this Court, in the discussion *infra*, to have been "illegal" as not conforming with accepted practice in imposing sentences.[2] As such, the January 11, 1989, order is held to be appealable and subject to scrutiny by this Court. See *Commonwealth v. Betoni*, 254 Pa.Super. 26, 28, 385 A.2d 506, 507 (1978).

The issue, as preserved for our review, appears in the appellant's brief at page 3 and reads:

DID THE LOWER COURT COMMIT PREJUDICIAL ERROR WHEN IT DOUBLED THE DEFENDANT'S MAXIMUM PERIOD OF CONFINEMENT AND IN-CREASED THE TOTAL SENTENCE BEYOND THAT PERMITTED BY LAW BY ORDER ENTERED MORE THAN TWO YEARS AFTER ENTRY OF THE JUDG-MENT OF SENTENCE?

■ Our discussion commences with the fact that the offense for which the appellant was convicted (*i.e.*, driving under the influence of alcohol) is labelled a misdemeanor of the second degree. When we add to this the additional fact that the appellant had been convicted of at least three identical offenses within the previous seven years, the potential sentence which could have been imposed initially

---

2. In particular, the August 15, 1986, judgment of sentence of one year imprisonment, without setting forth the minimum and maximum limits, was subject to modification by the court below. See *Commonwealth ex rel. v. Francies*, 67 Pa.Super. 588, 591–92 (1917).

ranged from a minimum of not less than one year to not more than two years in prison. See 75 Pa.C.S. § 3731(e)(1)(iv) (Supp.1989–90) and 18 Pa.C.S. § 1104(2). Therefore, the initial sentence of "imprisonment of one year" was not in conformity with the law.[3]

As just mentioned, the Legislature mandated a minimum sentence of one year imprisonment for those convicted of more than three driving-while-intoxicated offenses within a seven-year period. Id. Under the Sentencing Code, a court shall, at the time of sentencing, specify a maximum *and* minimum sentence of confinement, the latter of which shall not exceed one-half of the maximum sentence imposed. See 42 Pa.C.S. § 9756(a) & (b); see also *Commonwealth ex rel. v. Francies*, 67 Pa.Super. 588, 591 (1917).

■ Because the court below entered an illegal sentence by order dated August 15, 1986, it had the inherent power to rectify the error, *sua sponte*, even after the term of court had ended and/or the thirty-day period for modification of the same had expired. See *Commonwealth v. Horsman*, 239 Pa.Super. 534, 537, 361 A.2d 433, 434 (1976); *Commonwealth v. Aeschbacher*, supra; 10A P.L.E. Criminal Law § 836.

To endorse the appellant's position that would let stand the one year term first imposed, given its affirmance on appeal by this Court and the denial of allocatur by the Supreme Court, would affront common sense and condone the concept that a defendant whose guilt is established by plea or verdict may avoid the full panoply of the law because a court committed an error on passing the sentence. See *Beale v. Com.*, 25 Pa. 11, 22 (1855); *Com. v. McMillan*, 376 Pa.Super. 25, 33, 545 A.2d 301, 305 (1988). If this Court were to sanction such a rule, we would be

---

**3.** The sentence was certainly not, in form, for an indefinite term, but for a definite and fixed term, and, therefore, was not in accordance with the mandatory provisions of the Sentencing Code. See 42 Pa.C.S. § 9756(a) & (b); see also *Commonwealth ex rel. v. Francies*, 75 Pa.Super. 269, 270 (1920). It was, essentially, not an indeterminate sentence as is required under Pennsylvania law. See *Commonwealth v. Parry*, 306 Pa.Super. 390, 393, 452 A.2d 781, 782 (1982).

failing in our duty to correct (sentencing) errors and to "minister justice". *Id.; Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 254–55, 441 A.2d 750, 756 (1981).

In that same vein, the conduct of the court below, in altering the improperly issued sentence of August 15, 1986, by entering a sentence of one to two years imprisonment per order dated December 27, 1988, was valid insofar as it complied with the applicable provisions of the Sentencing Code, Motor Vehicle Code and the Crimes Code. See 42 Pa.C.S. §§ 9756(a) & (b), 5505; 75 Pa.C.S. § 3731(a)(1)(iv); 18 Pa.C.S. § 1104(2).

However, consistent with the appellant's contention below and on appeal, the sentencing modification was accomplished *without notice or opportunity to the appellant or his counsel to be heard on the matter.* Only after the matter was a *fait accompli* did appellant's counsel learn of the matter via the warden. See Defendant's Statement of Issues Raised on Appeal and Supporting Memorandum at 4 (Record No. 31); Appellant's Brief at 6. Such action on the part of the court below is not consistent with the accused being present at every *vital* stage of the criminal process. See, *e.g., Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987) (Defendant has the right to be present when sentence is entered in open court); *Commonwealth v. Brown,* 342 Pa.Super. 249, 492 A.2d 745 (1986) (Defendant has a right to allocution prior to the imposition of sentence); *Commonwealth v. McLaurin,* 292 Pa.Super. 392, 437 A.2d 440 (1981) (Defendant has a right to be present during suppression); *Commonwealth v. Horsman,* supra (Defendant is entitled to notice of the modification of his sentence in advance of it taking place).

■  Because the order appearing on the back of the Information sheet does not make reference to the appellant's presence during the modification of sentence effectuated on December 27, 1988,[4] the written order of the court

---

4. Even the lower court's opinion does not refute the absence of the appellant at the time set for modification of sentence on December 27,

being controlling on this point (see *Commonwealth v. Fleming*, 332 Pa.Super. 118, 480 A.2d 1214 (1984); cf. Pa.R.Crim.P. 1405), we would normally reverse the judgment of sentence to afford the appellant the opportunity to be present at the modification so as to remark upon the proceedings, *as is his right*. See *Commonwealth v. Horsman*, supra; see also *Commonwealth v. McLaurin*, supra. However, because the sentence ultimately imposed is the *only* sentence that could have been entered, given the statutory sentencing scheme and the factual context of the appellant's prior record, we see no need to remand and we will affirm the action of the court below.[5] See *Commonwealth v. Von Aczel*, supra.

■ Further, the fact that the court issued a sentence of one to two years imprisonment, which increased by one year the previously entered one year definite term (as to the maximum and minimum period of confinement), does not violate any principles of double jeopardy. Our Supreme Court has spoken on this subject by pointing out that "an illegal sentence is a legal nullity, and sentencing court's must have the authority to correct such a sentence even if that means increasing the sentence." *Commonwealth v. Jones*, 520 Pa. 385, 390, 554 A.2d 50, 52 (1989); see also 10A P.L.E. Criminal Law § 835.[6] This is what transpired below.

Judgment of sentence affirmed.

1988. Specifically, see Lower Court Opinion at 4 filed February 6, 1989, at Record No. 34.

5. *We would note that in those instances where a modification of sentence is warranted, the perimeters of which are not as fixed as the case at bar by statute and the facts, it would be advisable for the sentencing court to have the accused present during the change in the sentence first imposed. See Commonwealth v. Horsman, supra.*

6. It requires mentioning that the appellant is presently on bail pending appeal. See Record No. 30.