386 A.2d 41

**COMMONWEALTH of Pennsylvania**

v.

**Emory Edward REED, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided April 28, 1978.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal arises from the order of the court below resentencing appellant on charges of delivery of LSD and marijuana in violation of the Controlled Substance, Drug, Device and Cosmetic Act.[1] Appellant contends that the court erred in modifying his original sentence without notice or an opportunity to be present upon resentencing. We agree, and therefore vacate the order of the lower court and remand for resentencing.

As part of a plea agreement, on September 19, 1975, appellant pleaded guilty to unlawful delivery of ten tablets of LSD to an undercover police officer. He was sentenced to pay a $200.00 fine and costs of prosecution and to undergo imprisonment in a state correctional facility for one-and-one-half to ten years. No direct appeal followed.

However, on October 18, 1976, appellant filed a Post Conviction Hearing Act petition alleging that the ten-year maximum term of imprisonment was illegal, as LSD and marijuana are non-narcotic controlled substances.[2] The Commonwealth answered the petition, admitting that five years was the maximum term of imprisonment, and correctly stating that appellant was not entitled to release and discharge for imposition of an illegal sentence.

Thereupon on December 8, 1976, the court below entered an order amending the sentence to provide for five years' maximum imprisonment. This appeal followed.

12 P.S. § 1032 provides:

In any civil, criminal, or equitable proceeding in which the court has heretofore been vested with the power,

1. Act of April 14, 1972, P.L. 233, No. 64, § 13, *as amended,* 35 P.S. § 780–113(f)(2) (1977).

2. Act of April 14, 1972, P.L. 233, No. 64, § 4, 35 P.S. §§ 780–104(1)(iii), (iv) (1977).

jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, any order, decree, judgment or sentence only during the term of court in which the order, decree, judgment or sentence, was entered of record, the court, in addition to such power, jurisdiction and authority shall hereafter have the same power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, the order, decree, judgment or sentence for a period of thirty days subsequent to the date of entering of record the order, decree, judgment or sentence, in any instance where the term of court shall terminate prior to such thirty day period: Provided, That all parties in interest, including the district attorney in criminal cases, are notified in advance of such proposed alteration, modification, suspension, reinstatement, termination, amendment or rescission. Act of June 1, 1959, P.L. 342, No. 70, § 1, 12 P.S. § 1032 (Supp.1977–78).

In *Commonwealth v. Horsman*, 239 Pa.Super. 534, 361 A.2d 433 (1976), we held that where the trial court reduced the defendant's unlawful sentence for theft by unlawful taking without notice to defendant or counsel, the terms of the Act of 1959 were violated, and defendant was entitled to reinstatement of the original sentence. Unlike *Horsman*, the present case involves imposition of an initial illegal sentence. Moreover, the Act of 1959 does not apply here because nearly fifteen months elapsed between sentencing and re-sentencing. Nevertheless, we will apply the provisions of the Act requiring advance notification to the case at bar, guided by this Court's statement in *Horsman* that:

> A court is empowered to modify a sentence, therefore, only if it notifies the defendant and the district attorney of its intention to do so. In the instant case, the modification was accomplished without regard to the clear requirement of the proviso, and, therefore, is without effect. 239 Pa.Super. at 538, 361 A.2d at 435 (footnote omitted).

Additionally, in *Commonwealth v. Meo*, 233 Pa.Super. 483, 334 A.2d 748 (1975), we remanded the case for clarification

of sentence and possible resentencing, where defendant's initial illegal sentence for driving without lights was reduced under confused circumstances. We noted, nevertheless, that it is well-established that a criminal defendant and his attorney should be present during all aspects of sentencing. *See* Pa.R.Crim.P. 1117, 1405.

Accordingly, the order of the lower court modifying appellant's sentence to provide for the five-year maximum term of imprisonment is vacated, and the case remanded for resentencing consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.