452 A.2d 22

**COMMONWEALTH of Pennsylvania**

v.

**Sherrill HOBSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 9, 1981.
Decided Oct. 22, 1982.

R. Bruce Ralston, Butler, for appellant.

John H. Brydon, District Attorney, Butler, for Commonwealth, appellee.

Before BECK, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Appellant has appealed from his convictions for escape,[1] implements for escape,[2] theft,[3] recklessly endangering another person[4] and criminal conspiracy.[5]

The following facts are established by the record. The instant charges arose from Appellant's escape from the Butler County Jail on February 28, 1976 while incarcerated on robbery charges. He was found guilty of all of the instant charges and after the presentation and denial of post-verdict motions, Appellant was sentenced. Appellant's convictions, on direct appeal to this court, were affirmed by Per Curiam Order. *Commonwealth v. Hobson*, 259 Pa.Super. 602, 393 A.2d 1277 (1978), *petition for allowance of appeal denied* Nov. 27, 1978.[6]

On February 1, 1979 Appellant filed, pro se, a P.C.H.A. petition alleging that his sentence for escape and implements for escape was illegal.[7] The trial court appointed counsel for Appellant, and counsel then filed a Petition for Correction of Sentence. After a hearing on May 6, 1980 concerning the sentencing issue, the trial court issued a memorandum and order correcting Appellant's sentence on

1. 18 Pa.C.S.A. § 5121(a).

2. *Id.,* § 5122.

3. *Id.,* § 3921.

4. *Id.,* § 2705.

5. *Id.,* § 903.

6. During the pendency of Appellant's direct appeal, Appellant filed various motions and petitions pro se, including a Post Conviction Hearing Act (P.C.H.A.) petition pursuant to the Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.,* 19 P.S. § 1180–1 *et seq.* These were properly dismissed by the trial court due to the pendency of Appellant's direct appeal.

7. On April 16, 1979 Appellant filed, pro se, a Supplement in Amendment to Petition filed under the Post Conviction Hearing Act alleging his prior counsel's ineffectiveness concerning certain issues at trial and on direct appeal.

August 28, 1980. Neither Appellant nor his counsel received notice of the proposed issuance of this order and no hearing occurred on that date. Appellant has appealed from that order pro se and new counsel has been appointed.

Appellant raises three issues on appeal, namely: (1) was Appellant properly sentenced on August 28, 1980, (2) was Appellant denied effective assistance because of P.C.H.A. counsel's failure to assert all issues contained in the petitions and, (3) was Appellant denied his rights under P.C.H.A. for the failure of the trial court to hold a full evidentiary hearing on the issues other than sentencing.

The first issue concerns the propriety of the trial court's correction of Appellant's previous sentence. Appellant alleges that the requirements of Pa.R.Crim.P. 1405 were not met, i.e., requiring the presence of the defendant at the time of sentencing and a statement on the record of the reasons for sentence. We agree.

The trial court is empowered to modify a sentence only if it notifies the defendant and the district attorney of its intention to do so. *Commonwealth v. Horsman,* 239 Pa.Super. 534, 361 A.2d 433 (1976). It is well-established that a criminal defendant and his attorney should be present during all aspects of sentencing. *See* Pa.R.Crim.P. 1405, *Commonwealth v. Reed,* 254 Pa.Super. 461, 386 A.2d 41 (1978); *see also Commonwealth v. Parker,* 277 Pa.Super. 234, 419 A.2d 748 (1980); *Commonwealth v. Yoder,* 249 Pa.Super. 389, 378 A.2d 350 (1977).

Therefore, the sentence for escape and implements for escape is vacated and the case remanded for resentencing.

Concerning Appellant's second and third issues, no evidentiary hearing has been held since the filing of Appellant's various P.C.H.A. petitions, except for the May 6, 1980 hearing at which only the sentencing issue was presented. There is no indication in the record as to whether the trial court considered its Order of August 28, 1980 to have eliminated the need for any further hearing on Appellant's P.C.H.A. petitions. It is clear that a determination must be made, concerning the other issues raised in Appellant's P.C.

H.A. petitions. Those issues must either be held to have been waived or must be decided on the merits by the trial court. *See Commonwealth v. Hobson,* 286 Pa.Super. 271, 428 A.2d 987 (1981).

We therefore remand the case to the trial court for an evidentiary hearing on the issues, other than the legality of sentence, contained in Appellant's P.C.H.A. petitions. If the trial court considers those issues to have been waived by Appellant's P.C.H.A. counsel failing to file an amended P.C.H.A. petition after his appointment, then the trial court shall determine whether the P.C.H.A. counsel was ineffective for failing to assert these issues.

Sentence for escape and implements for escape dated August 28, 1980 is vacated and the case remanded for resentencing and for an evidentiary hearing on the outstanding P.C.H.A. petition issues, consistent with this opinion.