J-S38025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OLIVER MERVIN BURBAGE, | |
| Appellant | No. 3072 EDA 2013 |

Appeal from the Judgment of Sentence October 9, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005041-2012

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and SHOGAN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 08, 2014**

Oliver Mervin Burbage appeals from the October 9, 2013 judgment of sentence that altered the amount of credit for time served that Appellant received against a sentence imposed on March 12, 2013.  We reverse the judgment of sentence and remand for a new sentencing hearing.

On January 29, 2013, a jury found Appellant guilty of escape.  The trial court outlined the evidence supporting this conviction:

> The testimony indicates that Trooper [Richard] Kirby had knowledge of the defendant from a prior incident, including, but not limited to a prior arrest of the defendant for Burglary in 2004. (N.T., 1/29/13, p. 78, 79).  An arrest warrant for the defendant for a felony charge from Bucks County was issued on or about June 15, 2011 and Trooper Kirby was aware of the existence of the arrest warrant.  With his prior familiarity with the defendant, Trooper Kirby went to the vicinity of 835 MacDowell Street, Chester, Pennsylvania, which was believed to be the address for the defendant's girlfriend.

Trooper Kirby indicated that he was in the area of MacDowell Street, and was aware of the issuance of the warrant. "And at the time I knew there was a warrant for his arrest that was a felony warrant out of Bucks County." (N.T., 1/29/2013, p. 12). As Trooper Kirby approached the location, he was dressed in plain clothes and was driving an unmarked vehicle. He did indicate however, that he was not wearing a jacket and had his police badge in plain view. (N.T., 1/29/2013, p. 15).

When Trooper Kirby drove near to the house, he observed the defendant from 40 to 50 feet away. He parked his vehicle and then crept alongside the parked vehicles until he was close upon the defendant (within 20 to 25 feet). Trooper Kirby then approached the defendant, with his ASP Baton fully extended and yelled several times that he was state police, that the defendant was under arrest and for the defendant to get on the ground. (N.T., 1/29/2013, p. 17-18). At that point in time, the defendant froze and stared at the Trooper. For a brief period of time, the two men stared at each other and based upon the posture of the defendant, Trooper Kirby pulled his hand gun and aimed it in the direction of the defendant. (N.T., 1/29/2013, p. 19-20).

Defendant then ran off and entered into the residence at 835 MacDowell. As there was no back up and there was a four year old boy on the front porch, Trooper Kirby was delayed in his attempt to enter the residence. (N.T., 1/29/2013, p. 20-21). When Trooper Kirby and the other officers were able to effectuate entry into the residence, the defendant was not inside. The defendant was eventually arrested on or about August 8, 2011.

Trial Court Opinion, 6/6/13, at 2-3.

On March 21, 2013, Appellant was sentenced to three to six years imprisonment and was granted credit for time served in jail from August 8, 2011 to March 21, 2013. At the sentencing hearing, the Commonwealth and Appellant both indicated that he was entitled to credit for time served for that period. Appellant filed a timely notice of appeal from that judgment

of sentence and, on June 3, 2014, we affirmed. *Commonwealth v. Burbage*, ___ A.3d ___ (No. 1219 EDA 2013, Pa.Super. 2014). The record was transmitted to this Court for purposes of that appeal in June 2013.

The trial court apparently was informed by the Pennsylvania Department of Corrections that Appellant already had received credit for time served in jail from August 8, 2011, to November 29, 2011, for a sentence that he received in Chester County criminal action number 6364-2011. On October 9, 2013, the trial court herein appears to have altered its March 21, 2013 sentence to eliminate certain credit for time served by Appellant. That sentencing order does not appear in the record certified to this Court for purposes of this appeal nor is it entered on the docket.

Nevertheless, the trial court in its Pa.R.A.P. 1925(a) opinion, the Commonwealth in its brief, and the Appellant all indicate that credit for time served that was awarded on March 21, 2013, was eliminated by the trial court in an order executed on October 9, 2013. Hence, we believe that it exists for purposes of this appeal. *Commonwealth v. Galendez*, 27 A.3d 1042, 1047-1048 (Pa.Super. 2011) (although certified record did not contain copy of order contested by defendant on appeal and this Court did not have a copy of the order, we reviewed its propriety since the Commonwealth acknowledged that the order in question was entered and since the trial court stated in its Pa.R.A.P. 1925(a) opinion that it signed the order). A notice of appeal was processed on November 6, 2013. Appellant presents one issue with two subparts:

I) Whether the amended sentence imposed on October 9, 2013 is illegal since the court lacked jurisdiction to vacate the original sentence imposed in this matter on March 21, 2013, and where the amended sentence was imposed without Mr. Burbage, or his attorney being present and having the opportunity to be heard with regard to the substantive changes made to his original sentence which involved stripping him of nearly nineteen months of credit time.

Appellant's brief at 7.

For the reasons that follow, we conclude that the court had jurisdiction to amend the sentence despite the pendency of the prior appeal. However, we agree that Appellant should have been present when the sentence was amended so that Appellant had the opportunity to verify the correct amount of time served to be credited against the sentence herein.

Appellant's first position is that the trial court lacked jurisdiction to amend its March 21, 2013 sentencing order in October under 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, . . . if no appeal from such order has been taken or allowed.").

A contention that a sentence was changed in violation of § 5505 "raises a question of law; thus, our scope of review is plenary and our standard of review is *de novo.*" **Commonwealth v. Borrin**, 80 A.3d 1219, 1225 (Pa. 2013). Due to the operation of § 5505, a trial court, in general, lacks jurisdiction to modify an order more than thirty days after it has been entered, or if an appeal has been filed. However, that section "was never intended to eliminate the inherent power of a court to correct obvious and

- 4 -

patent mistakes in its orders, judgments and decrees." ***Commonwealth v. Holmes***, 933 A.2d 57, 65 (Pa. 2007).

A comparison of ***Holmes*** with ***Borrin*** demonstrates the difference between a patent sentencing error correctible more than thirty days after entry of the sentencing order or when the case is on appeal and a sentencing error that is not obvious and thus cannot be altered. In ***Holmes***, a defendant's parole was revoked, and, rather than being re-committed to serve the balance of the sentence from which he had been paroled, the defendant was given a new term of imprisonment. The imposition of a new sentence when a defendant's parole is revoked is patently and obviously erroneous in that a court is legally authorized only to re-commit a defendant to serve the unexpired term of his original sentence when it is revoking parole. ***Holmes, supra*** at 58, n.5 (citation and quotation marks omitted) ("The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is to recommit to jail. There is no authority for giving a new sentence with a minimum and maximum.") More than the thirty days after the sentence was entered, the trial court, recognizing its error, vacated what it characterized as an illegal sentence and re-committed Holmes to serve the remainder of the term of incarceration originally imposed.

The Supreme Court in ***Holmes*** ruled that the original sentencing order imposing a new term of imprisonment was contrary to law and could be corrected more than thirty days after its entry as it contained a patent

and obvious error. It upheld the second sentencing order, which correctly reflected that, since Holmes' parole was revoked, he had to serve what sentence remained on his original sentence rather than serve a new term of imprisonment.

In **Holmes**, the Supreme Court also addressed a companion case involving a defendant named Whitfield. Whitfield was found to be in violation of a probationary sentence that was supposedly imposed on specified offenses, and he was sentenced to a term of incarceration. The problem was that probationary terms were never imposed on the convictions in question, and Whitfield was not serving a probationary term. Instead, concurrent terms of incarceration, which Whitfield already had served, were the sentences imposed on the crimes for which the trial court revoked probation. Whitfield filed a PCRA petition contesting the legality of the sentence imposed, relief was denied, and the defendant appealed.

During the pendency of the appeal, the trial court concluded that its sentence was indeed illegal and vacated it. Whitfield withdrew his appeal, and the Commonwealth contested the trial court's authority to correct the sentence under § 5505, given that § 5505 prevents the correction of an order when an appeal has been filed. The trial court responded that it retained the authority to correct its obviously illegal sentence despite the operation of that statute. Our Supreme Court agreed. It opined:

> The trial courts in both cases before us clearly lacked jurisdiction, absent the exercise of the rarely used power of the courts to correct patent errors. While the causes of the two trial

courts' lack of jurisdiction are undeniably distinct, nonetheless, both are encompassed under the language of Section 5505. . . . Despite the different causes of the divestiture of jurisdiction, both cases fall within the limited class of cases amenable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction. As we have in the past, we hold today that the limits of jurisdiction enshrined in Section 5505 do not impinge on that time-honored inherent power of courts.

*Id*. at 65 (footnote omitted).

In contrast to **Holmes**, the plurality opinion in **Borrin**, **supra**, involved the following. The defendant was convicted of numerous offenses. At Borrin's 2006 sentencing, the trial court intended to impose ten sentences all consecutive to each other. The transcript, however, was ambiguous as to that point. In the sentencing order signed by the court after sentencing, nine of the offenses were made consecutive to the first sentence imposed but they were made concurrent to each other. Specifically, the sentencing order indicated defendant's sentence was 52 to 104 months whereas, if all ten sentences would have been consecutive to each other, Borrin's sentence would have been 93 to 186 months. Following receipt of inquiries from the prison as to Borrin's actual sentence, the trial court changed the original sentencing order in 2009 so that it read that his sentence was 93 to 186 months. The trial court explained that its intention at sentencing was to enter that term of incarceration and concluded that it had the authority to make the change after three years since it was merely correcting a patent error. We ruled that the trial court

did not have the authority to correct the sentencing order after three years since it did not contain a patent error, and our Supreme Court agreed.

The **Borrin** Court rejected the Commonwealth's contention that the 2009 order merely clarified the terms of the 2006 order. It outlined that the 2006 order provided that nine offenses were consecutive to the sentence imposed on the first offense but that they were not consecutive to each other. It held that the trial court's 2009 order, by stating that all of Borrin's sentences were consecutive to the first conviction as well as to each other, did not clarify his sentence, but modified it. The **Borrin** Court recognized that the trial court, despite the strictures of § 5505, "retained the inherent power to correct errors" in its 2006 order. **Id**. However, it noted that the only type of mistakes that can be remedied after the thirty-day period are those that are patent and obvious. It concluded that the 2006 order was not patently and obviously erroneous since it was unclear from the sentencing transcript whether all ten sentences were imposed consecutively to each other or merely the first one.

In the present case, we conclude that, in issuing its October 9, 2013 order, the court was correcting an obvious and patent error in the original order it entered on March 21, 2013. The pertinent provision as to credit for time served is as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior

to trial, during trial, pending sentence, and pending the resolution of an appeal.

. . . .

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760.

Section 9760(4) has been interpreted so as to bar "a defendant from receiving credit against more than one sentence for the same time served." *Commonwealth v. Merigris,* 681 A.2d 194, 195 (Pa.Super. 1996). Thus, where a defendant received credit for time served with respect to a prior sentence, he cannot receive credit for the same time in jail as to a subsequently imposed sentence. *Commonwealth v. Hollawell*, 604 A.2d 723 (Pa.Super. 1992).

Herein, the court was correcting a patent error on October 9, 2013 if there was a mistake when Appellant was originally sentenced and he was given credit for time served when he already had been accorded credit for that time against a previously-imposed sentence. This action constituted a violation of § 9760(4). In *Hollawell*, *supra*, we ruled specifically that where there is a challenge to the amount of credit for time served given as to a sentence, it is considered a question of law and the trial court possesses the inherent power to correct a sentence if incorrect credit for

time served was awarded. Thus, § 5505 did not prevent the trial court from examining whether proper credit for time served was given despite the fact that the March 21, 2013 sentence had been appealed. *Id*.; *Holmes*, *supra*; *cf. Commonwealth v. Rohrer*, 719 A.2d 1078 (Pa.Super. 1998) (where imposition of restitution was not mandatory, failure of court to impose restitution did not render sentence illegal and sentence could not be amended more than thirty days after its entry to impose restitution due to § 5505).

However, Appellant also maintains that he was denied his right to be present and be heard on October 9, 2013, when the revised sentencing order was entered. The Commonwealth is in agreement that Appellant should have been present when the sentence was corrected. Section 5505 expressly states that the court, "upon notice to the parties," may modify its previous orders. We interpreted the predecessor statute to § 5505 in *Commonwealth v. Reed*, 386 A.2d 41 (Pa.Super. 1978). Therein, the trial court imposed a sentence in excess of the legal maximum and fifteen months later, without notice to either party, amended the order to reflect the proper maximum sentence.

We recognized in *Reed* that the trial court could perform that action, but concluded it could do so only after notification to the parties. We reversed the sentence and stated, "A court is empowered to modify a sentence . . . only if it notifies the defendant and the district attorney of its intention to do so. In the instant case, the modification was accomplished

- 10 -

without regard to the clear requirement of the proviso, and, therefore, is without effect." *Id*. at 42. Both parties herein agree that there was no advance notice of the proposed alteration so that Appellant could ensure that he received the proper amount of credit for time served.

The case law unquestionably gives the trial court the authority to correct a sentence that improperly accorded credit for time served when none was due. However, the current record fails to substantiate in what respect the March 21, 2013 sentence was erroneous. Appellant has the right to have the proper facts adduced as to whether he received all credit for time served to which he was legally entitled. We thus reverse the judgment of sentence and remand for further proceedings.

Judgment of sentence reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2014

- 11 -