J-S28025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL STOFFER :
:
Appellant : No. 28 WDA 2022

Appeal from the Judgment of Sentence Entered October 5, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008971-2020

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED: April 18, 2024**

Appellant, Michael Stoffer, appeals from the judgment of sentence entered on October 5, 2021, following his bench trial convictions for simple assault and theft by unlawful taking.[1]  After careful consideration, we affirm Appellant's judgment of sentence but remand this case to allow the trial court to correct a clerical error in the sentencing order.

We briefly summarize the facts and procedural history of this case as follows.  On October 5, 2021, the trial court found Appellant guilty of the aforementioned charges.  Following the verdict, Appellant waived his right to a pre-sentence investigation report and proceeded directly to sentencing.  **See** N.T., 10/5/2021, at 23.  On the record in open court, the trial court sentenced

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a) and 3921(a), respectively.

to "a period of probation of one year" and "to have no violent contact with the victim." *Id.* at 25-26. Appellant was further sentenced to "complete the Batterer's Intervention Program and [] undergo random drug screens." *Id.* at 26. On the same day, on October 5, 2021, the trial court entered a written sentencing order reflecting the aforementioned sentence. However, the written sentencing order also stated:

> This sentence shall commence on 10/05/2021
>
> To be confined for a minimum period of 396 [d]ays and a maximum period of 396 [d]ays at [the] Allegheny County Jail.
>
> &ast; &ast; &ast;
>
> The defendant shall receive credit for time served [from September 5, 2020, through October 5, 2021, or] 396 [days].

Sentencing Order, 10/5/2021, at *1.

Thereafter, Appellant filed a timely post-sentence motion on October 15, 2021. On November 30, 2021, the trial court denied Appellant relief. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

1. Does the written sentencing order docketed in Appellant's case [] contain a clear clerical error, in that it ordered Appellant to serve a [flat] term of 396 days of imprisonment plus one year of probation, whereas the notes of testimony from Appellant's

---

[2] Appellant filed a notice of appeal on December 30, 2021. Sometime after the entry of the order that denied Appellant's post-sentence motion, the original trial court judge retired and the case was reassigned. On January 20, 2022, the new trial judge ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court entered an opinion pursuant to Pa.R.A.P. 1925(a) on January 10, 2023.

October 5, 2021 sentencing hearing clearly and unambiguously indicate that he was ordered to serve a term of probation alone (with the remedy for that error being an order correcting the written sentencing order by striking the confinement language)?

2. Was the written sentencing order in Appellant's case enacted improperly, in that the probation that was ordered at his sentencing hearing was changed to a sentence of confinement plus probation, with that occurring absent Appellant having notice of the proposed modification and a fair opportunity to be heard regarding it (with the failure to provide notice and a hearing [] violat[ing] 42 Pa.C.S.[A.] § 5505 and the due process clauses of the state and federal constitutions)?

3. Does the written sentencing order in Appellant's case impose an illegal sentence upon him, in that its structure (that he serve a [flat] term of 396 [] days of confinement) violates 42 Pa.C.S.[A.] § 9756(b)(1)?

Appellant's Brief at 4.

Initially, we reject the Commonwealth's suggestion that Appellant waived all of the issues presented above by failing to raise them in his post-sentence motion or in his Rule 1925(b) concise statement. *See* Commonwealth's Brief at 7-11. All of Appellant's issues implicate the illegality of his sentence. Our Supreme Court has held:

Generally speaking, issues not raised in the lower court are waived and cannot be raised for the first time on appeal. The issue preservation requirement ensures that the trial court that initially hears a dispute has had an opportunity to consider the issue, which in turn advances the orderly and efficient use of our judicial resources, and provides fairness to the parties. However, challenges to the legality of sentences are an exception to this general issue-preservation rule. Stated succinctly, an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may raise and address such an issue *sua sponte*.

- 3 -

*Commonwealth v. Hill*, 238 A.3d 399, 407–408 (Pa. 2020) (internal citations, quotations, and brackets omitted); *see also Commonwealth v. Postie*, 110 A.3d 1034, 1043 (Pa. Super. 2015) ("[A] claim that a flat sentence should have instead had minimum and maximum terms goes to the legality of the sentence, and such issues are non-waivable."); *see also Commonwealth v. Warunek*, 279 A.3d 52, 54 (Pa. Super. 2022) (citation omitted) ("A challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*.").

Based on the foregoing, we *sua sponte* address Appellant's contentions herein. Appellant's appellate issues are interrelated, so we will examine them together. *See* Appellant's Brief at 10 ("In fact, all three claims relate[] to the docketing of [the] written sentencing order that deviated, in a material way and to [Appellant's] detriment, from what was announced at the sentencing hearing."). Appellant contends that he "was ordered to serve a term of probation at his sentencing hearing, but his sentence was deemed to be jailtime plus probation in his written sentencing order." *Id.* at 11. Appellant argues "he was not given the opportunity to be heard when the trial court opted to increase his sentence." *Id.* at 12. Finally, Appellant suggests "the confinement portion of the [written] sentence imposed was and is [] illegal, given its structure (it ordered him to serve a flat sentence of 396 days of imprisonment)." *Id.* at 44.

A challenge to the legality of sentence raises a question of law for which our standard of review is *de novo*, and our scope of review is plenary. *See*

- 4 -

***Commonwealth v. Renninger***, 269 A.3d 548, 567 (Pa. Super. 2022) (*en banc*) (citation omitted), *appeal denied*, 302 A.3d 95 (Pa. 2023). This Court has determined that if the trial court imposes a clear and unambiguous punishment at a sentencing hearing, then the sentence imposed in open court controls and a subsequent, nonconforming written sentencing order constitutes a clear clerical error that is subject to correction. ***See Commonwealth v. Bartic***, 303 A.3d 124, 129 n.2 (Pa. Super. 2023) (cleaned up); ***compare Commonwealth v. Kremer***, 206 A.3d 543, 548 (Pa. Super. 2019) (A written and signed sentencing order fixes the sentence to be implemented only where the sentencing transcript is ambiguous and the ambiguity in the transcript must be resolved by reference to the signed, written order). When "the written sentencing order includes a statement that was not made by the trial court at the sentencing hearing[,]" this Court has determined "the trial court [has] modif[ied] its judgment of sentence imposed at the time of sentencing when it file[s] its [subsequent] written sentencing order" containing different terms. ***Renninger***, 269 A.3d at 568; ***see also Commonwealth v. Reed***, 386 A.2d 41, 42 (Pa. Super. 1978) ("A court is empowered to modify a sentence ... only if it notifies the defendant and the district attorney of its intention to do so [or the modified order,] therefore, is without effect."). In this case, there is no dispute that the modified order was entered without notice to Appellant.

Furthermore, upon review, the trial court here clearly and unambiguously declared at Appellant's sentencing hearing that it intended

Appellant to receive a one-year sentence of probation. The court further ordered no contact with the victim, completion of a Batterer's Intervention Program, and random drug screens. The sentencing court made no mention of imprisonment or credit for time-served at the sentencing hearing. As such, the written sentencing order, which awarded credit for time-served and directed Appellant to serve an additional term of imprisonment, varied from an unambiguous oral pronouncement in open court and, thus, contained a "clear clerical error" that is subject to correction.[3] *See Bartic*, 303 A.3d at 129. In such instances, we have determined that "a remand to correct this clear clerical error is necessary" and Appellant is not subject to resentencing.[4] *See id.*

---

[3] The Commonwealth concedes that "there is a basis for this Court to vacate the sentencing order dated October 5, 2021, and remand for additional proceedings." Commonwealth's Brief at 16; *id.* at 11 ("The written sentencing order may erroneously contain terms different than those stated at the sentencing hearing.") (complete capitalization omitted).

[4] We note that in its written sentencing order, the trial court sentenced Appellant to a flat sentence of 396 days of imprisonment with credit for time-served. That decision resulted in an illegal sentence. Pursuant to 42 Pa.C.S.A. § 9756, "[i]n imposing a sentence of total confinement […t]he court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." "The plain language of Section 9756 of the Sentencing Code directs the trial court to specify minimum and maximum periods imposing imprisonment." *Postie*, 110 A.3d at 1044 (A "flat sentence of four months is illegal under Section 9756[.]"). The Commonwealth acknowledges that "[p]ursuant to [] statutory and case law, the written sentencing order may impose an illegal sentence upon Appellant because it does not specify a minimum or maximum sentence." Commonwealth's Brief at 17 (complete capitalization omitted).

Judgment of sentence affirmed. Case remanded for correction of clerical error. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/18/2024