J-S35040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEREL BRITTON | : | |
| | : | |
| Appellant | : | No. 1739 MDA 2023 |

Appeal from the Order Entered November 15, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000013-2005

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.:                      **FILED DECEMBER 13, 2024**

Appellant, Derel Britton, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which granted the Commonwealth's motion to correct Appellant's sentencing order. We affirm.

This Court has previously set forth some of the relevant facts and procedural history of this case as follows:

> On October 18, 2004, the victim, Kenneth Pailen, drove to Harrisburg with the intent of purchasing illegal drugs. He observed Appellant standing on a porch at a residence located on Schuylkill Street, and believing that he might be a drug dealer, Pailen stopped his car. Appellant and his cohort, Donald James Sherrill, Jr., approached Pailen's car. After looking at Pailen, Sherrill stated that he thought Pailen looked like a guy with whom Appellant may have fought previously. In response, Appellant shot Pailen, who survived and testified against Appellant and his cohort at their joint jury trial.
>
> The jury convicted Appellant of various crimes, including attempted homicide, and on April 12, 2006, the trial court

imposed an aggregate sentence of twenty-one years to forty-two years in prison.[1] On April 5, 2007, this Court affirmed Appellant's judgment of sentence on direct appeal. *See Commonwealth v. Britton*, 881 MDA 2006 (Pa.Super. filed 4/5/07) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On or about April 7, 2008, Appellant filed a timely *pro se* PCRA petition, and counsel was appointed to represent him. The PCRA court provided notice of its intent to dismiss Appellant's first PCRA petition and granted counsel permission to withdraw. Thereafter, Appellant retained private counsel, who filed a response to the PCRA court's notice, and following a hearing, the PCRA court denied Appellant' s first PCRA petition on February 3, 2011.

Appellant filed a timely appeal and raised in this Court the issue of whether trial counsel was ineffective in failing to call Appellant's cousin, Jalieta Britton, as an alibi witness at trial. Concluding Appellant was not entitled to relief, this Court affirmed the PCRA court's denial of Appellant's first PCRA petition. *See Commonwealth v. Britton*, 425 MDA 2011

_____

[1] At sentencing, the court stated Appellant's sentence on the record as follows: At Count 1, attempted murder, 16 to 32 years' imprisonment; Count 2, aggravated assault, merged for sentencing purposes; Count 3, carrying a firearm without a license, 1 to 2 years' imprisonment concurrent to Count 1; Count 5, conspiracy to commit aggravated assault, 3 to 6 years' imprisonment imposed consecutive to the sentence at Count 1; Count 6, possession of a controlled substance with the intent to deliver, 2 to 4 years' imprisonment "to run consecutively to the previous sentence. … It's the [c]ourt's sentencing scheme in the above-captioned matter to impose a sentence of not less than 21 nor more than 42 years in a state correctional institute." (N.T. Sentencing, 4/12/06, at 19-21). Appellant was found not guilty on Count 4. The court also imposed no further penalty on Count 7. (*See id.*)

Likewise, the sentencing sheet indicates the following sentences: Count 1, 16 to 32 years' imprisonment; Count 3, 1 to 2 yeas' imprisonment, concurrent to Count 1; Count 5, 3 to 6 years' imprisonment, consecutive with Count 1; and Count 6, 2 to 4 years' imprisonment, consecutive with Counts 1, 3, and 5. Thus, the sentencing sheet also confirms an aggregate sentence of 21 to 42 years' imprisonment.

> (Pa.Super. filed 4/4/12) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on March 1, 2013. ***See Commonwealth v. Britton***, 349 MAL 2012 (Pa. filed 3/1/13) (*per curiam* order).
>
> On or about May 1, 2013, Appellant filed a second *pro se* PCRA petition[.] …

***Commonwealth v. Britton***, No. 1974 MDA 2015, unpublished memorandum at 1-3 (Pa.Super. filed July 22, 2016). The court denied relief on Appellant's second PCRA petition on October 9, 2015. This Court affirmed the denial of PCRA relief on July 22, 2016, and our Supreme Court denied allowance of appeal on March 7, 2017. On August 18, 2020, Appellant filed a *pro se* third PCRA petition, which the court denied as untimely on December 2, 2020. On September 10, 2021, this Court affirmed the denial of PCRA relief, and our Supreme Court denied allowance of appeal on May 3, 2022.

On November 9, 2023, the Commonwealth filed a "Motion to Correct Sentencing Order." In it, the Commonwealth alleged that it had recently received an e-mail from the Pennsylvania Parole Board indicating that Appellant would soon be considered for parole. When the Commonwealth's attorney reviewed the relevant documents, counsel realized that the Department of Corrections ("DOC") had mis-recorded Appellant's sentence as 19 to 38 years' imprisonment, instead of 21 to 42 years' imprisonment by indicating that Appellant's sentence at Count 6 was only consecutive to the sentence at Count 3 (which had been imposed concurrent to the sentence at Count 1). Counsel also reviewed the online Unified Judicial System ("UJS")

docket, which similarly contained an error in recording the sentence. Thus, the Commonwealth sought to correct the DOC commitment form and docket concerning Appellant's aggregate sentence.

The trial court granted the Commonwealth's motion on November 15, 2023. The court ordered

> the Pennsylvania [DOC to] correct its documentation to indicate that [C]ount 6 is to run consecutively to [C]ounts 1 and 5 thus resulting in an aggregate state incarceration sentence of 21 to 42 years. The Administrative Office of Pennsylvania Courts is likewise ordered to correct the docket on the UJS Web System Portal to indicate that Count 6 is to run consecutively to Counts 1 and 5 thus resulting in an aggregate state incarceration sentence of 21 to 42 years.

(Order, dated 11/15/23, at 1-2). This appeal followed.[2]

Appellant raises five issues for our review:

> Whether it was error on the Trial Court where the court failed to provide notice to [A]ppellant and allow opportunity to respond to the Order granting the Commonwealth's

---

[2] The record indicates that the court served Appellant's prior counsel with notice of the November 15, 2023 order, but the docket does not reflect that the order was served on Appellant directly. *See* Pa.R.Crim.P. 114(C)(2)(c) (providing that trial court criminal docket entries shall contain date of service of order or court notice). Additionally, Appellant was *pro se* when he filed his notice of appeal, which was dated December 13, 2023 and docketed on December 19, 2023. Under these circumstances, we will consider the appeal timely. *See Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa.Super. 2023) (holding that where trial court docket does not indicate service on party or date of service, this Court will not quash appeal; rather, we will treat time in which to take appeal as never having started to run and treat appeal as timely; docket indicated that order dismissing appellant's PCRA petition was sent to prior PCRA counsel, even though appellant was *pro se* at that point). *See also* Pa.R.A.P. 121(f) (stating that *pro se* filing submitted by person incarcerated is deemed filed as of date of prison postmark or date filing was delivered to prison authorities for mailing).

Motion to Correct Sentencing Order?

Whether it was error on the Trial Court by granting the Commonwealth's Motion to Correct Sentencing Order where motion should have been treated as an untimely PCRA petition?

Whether the Trial Court erred by not conducting a hearing before granting the Commonwealth's Motion to Correct Sentencing Order?

Whether it was error on the Trial Court in imposing a mandatory minimum sentence of not less than 2 years nor more than 4 years in a state correctional institution at count 6 when that sentence was illegally imposed?

Whether it was error on the Trial Court by failing to serve a copy of its 1925(b) Order on [A]ppellant and mark the docket with the date of service?

(Appellant's Brief at 4).[3]

In his first issue, Appellant argues that even if there is a clear mistake on the face of the record, the court is still required to give Appellant notice of the proposed change and an opportunity to respond. Appellant asserts that the trial court erred by failing to provide notice and a hearing concerning the Commonwealth's motion to amend his sentencing order before granting the

_____

[3] In Appellant's fifth issue on appeal, he challenges the trial court's statements in its Rule 1925(a) opinion that Appellant waived his appellate issues for failure to file a court-ordered Rule 1925(b) statement. Our review of the record supports Appellant's assertions that he did not receive the court's Rule 1925(b) order. Additionally, the Commonwealth concedes that "the trial court docket contains returned mail following the trial court's directive for [A]ppellant to file a Pa.R.A.P. 1925[(b) statement] and takes no position on this issue." (Commonwealth's Brief at 10). Under these circumstances, we decline to find waiver for non-compliance with Rule 1925(b) and we proceed to address Appellant's first four issues raised on appeal.

Commonwealth's requested relief. Appellant contends that the trial court's failure to do so constitutes a violation of Section 5505 of the Judicial Code. Appellant suggests that he never received the Commonwealth's motion to modify his sentence and that he only became aware that the court had granted the Commonwealth's motion when Appellant received documentation from DOC staff that Appellant's sentence had been recomputed. (Appellant's Brief at 5). Appellant concludes that he is entitled to relief on these grounds. We disagree.

Section 5505 of the Judicial Code provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind **any order** within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505 (emphasis added). This Court has explained:

> "Generally, 42 Pa.C.S. § 5505 precludes the entry of an order modifying a final order more than thirty days after its entry." **Commonwealth v. Concordia**, 97 A.3d 366, 371 (Pa.Super. 2014). Nonetheless, a trial court retains the inherent jurisdiction to correct obvious or patent errors in its orders, even if it is outside the standard 30-day paradigm, when warranted. **See id.** "An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction." **Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 (Pa.Super. 2014) (citation omitted).
>
> Even if there is a clear mistake, that does not relieve the court of its obligation to give notice as required by 42 Pa.C.S. § 5505 to both the defendant and the district attorney of the proposed changes and an opportunity to respond to those changes. Not only is such a notice required by 42 Pa.C.S. § 5505, the sentencing process must also

satisfy due process, which similarly requires a notice and opportunity to respond. *See Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354, 359 (1985); *Commonwealth v. Eldred*, 207 A.3d 404 (Pa.Super. 2019).

It is in accord with those mandates that we have held that a trial court "is empowered to modify a sentence only if it notifies the defendant and the district attorney of its intention to do so." *Commonwealth v. Hobson*, [452 A.2d 22, 23 (Pa.Super. 1982)] (citing *Commonwealth v. Horsman*, [361 A.2d 433 (Pa.Super. 1976)]). Modification of a sentence without notifying the defendant is inconsistent with "the accused being present at every vital stage of the criminal process." *Commonwealth. v. Pastorkovic*, [567 A.2d 1089, 1092 (Pa.Super. 1989)]. Moreover, if the sentence is modified without giving notice, it is without effect. *See Commonwealth v. Reed*, [386 A.2d 41 (Pa.Super. 1978)].

*Commonwealth v. Blair*, 230 A.3d 1274, 1277 (Pa.Super. 2020) (vacating and remanding where appellant did not receive notice and opportunity to respond to court's order amending sentence to reduce amount of credit for time served after court had received notice from DOC that appellant was not entitled to certain period of time credit awarded in this case, which had already been applied to previously imposed sentence; "Because [appellant] did not receive notice and an opportunity to respond, we vacate the sentence of the trial court and remand for resentencing after [appellant] receives notice and an opportunity to respond").

Instantly, the trial court reasoned:

The April 12, 2006 Transcript of Sentencing Proceedings unequivocally sets forth the [c]ourt's imposition of a sentence of not less than 21 nor more than 42 years [in] a state correctional institution. The transcript and the sentencing sheet reflect the [c]ourt's Order that Count 6 (2-

> 4 years in state prison) run consecutively to Counts 1, 3, and 5.
>
> In its Motion to Correct Sentencing Order, the Commonwealth correctly asserted that **the docket** reflected a miscalculation of [Appellant's] aggregate sentence. The record is clear on its face as to the [c]ourt's intended and imposed sentence. No legal or factual issue exists as to the legality of the sentence. Accordingly, we granted the Commonwealth's Motion to Correct Sentencing Order and ordered that the Pennsylvania Department of Corrections and the Administrative Office of Pennsylvania Courts **correct its documentation** to properly reflect the aggregate sentence of 21 to 42 years imposed on April 12, 2006.

(Trial Court Opinion, filed March 1, 2024, at 1-2) (emphasis added) (internal footnote omitted).

Our review of the record makes clear that Appellant's sentence has always been an aggregate term of 21 to 42 years' imprisonment. Appellant's sentencing transcript, the original sentencing sheet, and this Court's prior dispositions in this case confirm same. Indeed, Appellant indicates in his various PCRA petitions that his aggregate sentence is 21 to 42 years' imprisonment. Thus, unlike the situation in **Blair** where the trial court modified the original sentence to reduce the amount of previously awarded credit for time served, the trial court in this case did not actually amend or modify Appellant's original sentence. Instead, the court's order granting the Commonwealth's motion merely acted to correct a typographical error contained in the **DOC commitment form and on the docket**. Notwithstanding the designation of the Commonwealth's motion as one to

"Correct Sentencing Order," the trial court did not actually correct its original sentencing order imposing an aggregate term of 21 to 42 years' imprisonment. Under these circumstances, the court did not run afoul of Section 5505, because it did not modify or amend the sentencing order. *See* 42 Pa.C.S.A. § 5505. *Compare Blair, supra*. Therefore, Appellant is not entitled to relief on this issue.[4] Accordingly, we affirm.

Order affirmed.

_____

[4] We briefly dispose of Appellant's remaining issues two through four. In issue two, Appellant contends that the court should have treated the Commonwealth's motion as an untimely PCRA petition. However, as the Commonwealth correctly points out, the PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the Commonwealth moved for relief in this case and is not a person convicted of a crime or serving an illegal sentence, the court properly did not classify its motion as one under the PCRA.

In Appellant's third and fourth issues, Appellant raises claims challenging the legality of his sentence. Specifically, Appellant argues in his third issue that his convictions at Count 1 and Count 5 should have merged. In issue four, Appellant argues that the court improperly imposed a mandatory minimum sentence of two years' imprisonment at Count 6. These claims are properly subject to the PCRA. *See id.* (explaining that PCRA shall be sole means of obtaining collateral relief and encompasses all common law statutory remedies for same purpose). *See also* 42 Pa.C.S.A. § 9543(a)(2) (classifying challenges to legality of sentence as cognizable under PCRA). Thus, to raise these claims, Appellant must file a PCRA petition, subject to the PCRA's jurisdictional requirements. *See* 42 Pa.C.S.A. § 9545.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/13/2024